FILED
UNITED STATES DISTRICT COURT

SEP 1 4 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00987-ZLW

CHARLES D. MARTINEZ,

    Applicant,

v.

AL ESTEP, Warden, L.C.F.,

    Respondent.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant Charles D. Martinez has filed **pro se** on September 2, 2005, a letter to the Court in which he asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on July 29, 2005. The Court must construe the letter liberally because Mr. Martinez is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the letter will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

Mr. Martinez' letter to the Court, which was filed more than ten days after the Court's July 29, 2005, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice for failure to exhaust state court remedies after Mr. Martinez failed to respond to an order to show cause why the application should not be denied for failure to exhaust state court remedies. Mr. Martinez argues in his liberally construed motion to reconsider that he did exhaust state court remedies because he raised his claims in an original proceeding in the Colorado Supreme Court. This argument lacks merit for the reasons discussed by Magistrate Judge Schlatter in the June 22, 2005, order to show cause.

If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Therefore, the original proceeding Mr. Martinez initiated in the Colorado Supreme Court does not satisfy the exhaustion requirement.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Martinez fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the liberally construed motion to reconsider will be denied. Accordingly, it is

ORDERED that Plaintiff's letter to the Court filed on September 2, 2005, which the Court has construed liberally as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 12 day of Sept., 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00987-ZLW

Charles D. Martinez
Prisoner No. 118493
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/14/05

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk